# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,            Criminal No. 09-326(1) (DWF/FLN)

           Plaintiff,

v.            **ORDER AND MEMORANDUM**

Thomas Travis Widner,

           Defendant.

---

Leshia M. Lee-Dixon, Assistant United States Attorney, United States Attorney's Office, counsel for Plaintiff.

Douglas L. Micko, Esq., Schafer Law Firm; Kevin M. Magnuson, Esq., Kelly & Wolter; and Robert D. Richman, Esq., counsel for Defendant.

---

This matter is before the Court on Defendant's motion pursuant to 18 U.S.C. § 3145(b) for a *de novo* review and revocation of Magistrate Judge Franklin L. Noel's order of detention filed on April 28, 2010. However, it should be noted that Magistrate Judge Noel signed the original detention order on December 18, 2009, at which time he concluded that the Government had shown by clear and convincing evidence that there were no conditions or combination of conditions that would reasonably assure the safety of the community or of any other person. The Government opposes Defendant's motion.

Based upon the presentations and submissions of counsel; the Court having reviewed the contents of the file; and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Based upon the Court's *de novo* review of the record before the Court, Defendant's motion for revocation of Magistrate Judge Franklin L. Noel's order of detention filed on April 28, 2010 (Doc. No. [175]) is respectfully **DENIED**.

Dated: May 19, 2010
s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge

**MEMORANDUM**

Pursuant to Rule 46(b) of the Federal Rules of Criminal Procedure and 18 U.S.C. §§ 3142 and 3145(b), the Court considered the following factors in assessing detention of the Defendant:

a. The nature and circumstances of the offense charged;

b. The weight of the evidence against the Defendant;

c. The history and characteristics of the Defendant; and

d. The nature and seriousness of any danger to any person or the community that would be posed by the Defendant's release.

The Defendant appropriately asserts that he is charged with being a felon in possession of a firearm and a misdemeanor count of simple possession of marijuana. It is

2

also true that one of the felon in possession charges, namely Count 2, will be dismissed pursuant to the Court's decision to grant the Defendant's motion to suppress the gun in question. Further, the Defendant asserts that the evidence in support of the two remaining felon in possession offenses is weak, which is one of the factors set forth in 18 U.S.C. § 3142, as noted above.

It is also asserted accurately by the defense that even though Count 1 is alleged to have occurred on or about December 31, 2007, the Defendant was not charged with any offense until November 16, 2009. Additionally, the trial has been continued, through no fault of the Defendant, to a date certain date of June 7, 2010, notwithstanding his offer to enter a plea of guilty to the crime as charged on or about or during the month of October 2007. In fact, that offer was made on or about March 4, 2010. Finally, no one disputes that the Defendant is the father of Trayvon, his three-year-old son.

For the Government's part, they, in substantial part, allege that during two distinct points in time, namely, December 2007 and August 2009, the Defendant was a felon in possession of a firearm. Of more significance to the Court is that the Defendant was convicted of a felony in mid-December 2007 and a firearm was found in his home that he shared with his then-girlfriend while he was on state supervision. At the most recent hearing on the issue of detention before Magistrate Judge Noel, FBI Agent Somerville testified that Defendant purchased a firearm in early December 2007 and turned it over to a Brooklyn Center police officer in March 2008. Defendant's prior convictions include being a felon in possession of a firearm, which occurred in October 2000. Defendant was

sentenced in April 2001 and eventually served an executed sentence of 60 months minus good time for that offense. The Defendant was also convicted of assault in the third degree in December 2007. For that offense, the Defendant was resentenced in July 2008 for allegedly failing to follow his conditions of probation, at which time he served an additional six months.

The Court, making its analysis, pursuant to 18 U.S.C. § 3142, is most concerned by the third factor set forth in § 3142, namely, the history and characteristics of the defendant. The Defendant has known for some time that he should not possess firearms. His criminal history would suggest that he may have known this as far back as his first arrest at the age of 19. Since the age of 20, Defendant has had two felony convictions and has known, apart from other arrests and convictions that followed, that he was not to possess, constructively or otherwise, a firearm. Presumably, those individuals around him, especially those that cared for him, knew that as well. Moreover, there are a number of violations of probation and additional sentences that were imposed for failure to follow standard conditions of probation, in the Court's view. Admittedly, a number of cases were dismissed as well in the last 10 years. Defendant has also struggled off and on with the use of marijuana.

Based upon all of these circumstances, the Court continues to find and conclude that there are no conditions or combination of conditions of release that will reasonably assure the safety of the community or of any other person. Relatedly, the Court also finds that the Defendant is unlikely to abide by any conditions or combination of conditions of

release given his criminal history and the difficulty he has had with complying with routine conditions of probation given the potential consequences of noncompliance. The Court, therefore, respectfully declines to release the Defendant or otherwise revoke Magistrate Judge Franklin L. Noel's order.

However, the Court must continue to observe that, given the Defendant's offer to enter a plea to the crime as charged, namely, being a felon in possession of a firearm, but pleading to the possession charge in October 2007, rather than December 2007, it is difficult to understand, given the procedural history of this file and the resources being utilized by all parties concerned, how a trial in this matter, irrespective of its outcome, will serve the public interest or the interests of justice. In the event the Defendant is acquitted at the first trial, the Court will, on its own motion, review the decision it has made today relating to the Defendant's continued detention.

D.W.F.